ALFRED W. JOHNSON　　　　　*　　　NO. 2022-CA-0502

VERSUS　　　　　　　　　　　*

MARIA CARMEN PALAZZO　　*

COURT OF APPEAL

FOURTH CIRCUIT

*

STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-06841, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Pro Tempore James F. McKay, III)

Desherick J.W. Boone
THE BOONE LAW FIRM, L.L.C.
3233 W. Dallas Street
Unit 1802
Houston, TX 77019


　　　　COUNSEL FOR PLAINTIFF/APPELLEE

John Y. Kennedy, II
JOHN Y. KENNEDY, P.L.C.
3024 David Drive
Metairie, LA 70003

Jack Edward Morris
JACK E. MORRIS, ATTORNEY AT LAW, LLC
4051 Veterans Memorial Boulevard
Suite 208
Metairie, LA 70002


　　　　COUNSEL FOR DEFENDANT/APPELLANT

　　　　　　　　　　　　　　　　**AFFIRMED IN PART;**
　　　　　　　　　　　　　　　　**VACATED IN PART;**
　　　　　　　　　　　　　　　　**AND REMANDED**

　　　　　　　　　　　　　　　　**DECEMBER 07, 2022**

PAB
RML
JFM

This is a civil action. Appellant, Maria Carmen Palazzo ("Ms. Palazzo"), appeals the May 26, 2022 judgment of the district court, which granted the motion for summary judgment to quiet title in a 100% interest of immovable property in favor of Appellee, Alfred W. Johnson ("Mr. Johnson"). Based upon our *de novo* review, we affirm the judgment of the district court in part, vacate it in part and remand the matter for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Ms. Palazzo was the owner of record of certain immovable property located in Orleans Parish, bearing the municipal address of 2701-03 Carondelet Street or, alternatively, 1704 Fourth Street, New Orleans, LA 70130 (the "Property"). Ms. Palazzo failed to pay the City of New Orleans *ad valorem* taxes for the year 2013, and the Property was subsequently put up for auction at a tax sale. At the tax sale, Mr. Johnson placed the winning bid of a 1% interest in the Property, as evidenced by the tax sale certificate dated October 17, 2014, and duly recorded in the Orleans Parish Land Records Division at CIN 564576 on October 24, 2014.

1

Mr. Johnson filed a petition to quiet title (the "Petition") on August 11, 2021, in which he sought to have the district court declare him to be the full, right and just owner of the Property. After several failed attempts at service by the sheriff's office, on October 5, 2021, a curator ad hoc was appointed by the district court to represent Ms. Palazzo's interest in the Property. The curator was eventually able to locate Ms. Palazzo, who later retained her own counsel. On April 4, 2022, Ms. Palazzo's new counsel filed an answer to Mr. Johnson's Petition, alleging that the tax sale of the Property should be declared null because she never received notice of the sale. Alternatively, Ms. Palazzo asserted that in the event that the tax sale was deemed to be valid, Mr. Johnson was only entitled to receive a 1% undivided interest in the Property, while the remaining 99% ownership interest should be retained by Ms. Palazzo.

On April 5, 2022, Mr. Johnson filed a motion for summary judgment (the "motion"), which was heard on May 26, 2022. At the hearing on the motion, counsel for Mr. Johnson argued that all tax sale certificates confer a 1% interest in the tax sale property and that the remaining 99% interest is confirmed for the tax sale purchaser through an action to quiet title. The district court agreed, granted Mr. Johnson's motion and signed a judgment, which stated in part:

> IT IS FURTHER ORDERED, AJUDGED, AND DECREED that Petitioner, ALFRED W. JOHNSON is hereby declared and confirmed the full, right, and just owner of the property bearing the municipal address of 2701/03 CARONDELET STREET OR 1704 FOURTH STREET, NEW ORLEANS, LA 70130 . . . .

> IT IS FURTHER ORDERED, AJUDGED AND DECREED that petitioner is declared and confirmed holder of the exclusive rights, privileges, title, and interest in said property.

This timely appeal followed.

**STANDARD OF REVIEW**

It is well-settled law that "[t]his Court reviews the granting of '[a] summary judgment on appeal *de novo*, using the same criteria that govern the [district] court's determination of whether summary judgment is appropriate.'" *Cooper v. Brisco*, 22-0196, p. 4 (La. App. 4 Cir. 10/18/22), ___ So.3d ____, ____, 2022 WL 10320651 at *2 (quoting *Planchard v. New Hotel Monteleone, LLC*, 21-00347, pp. 2-3 (La. 12/10/21), 332 So.3d 623, 625). Generally, on a motion for summary judgment, the burden of proof remains with the mover. But, if the moving party will not bear the burden of proof on the issue at trial and identifies an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to counter that assertion and establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(D)(1). "'However, if the opponent of the motion cannot do so, there is no genuine issue of material fact and summary judgment will be granted.'" *Cooper* 22-0196, p. 4, 2022 WL 10320651 at *2 (quoting *Ely Edwards Enterprises, Inc. v. Pontchartrain Park CDC Real Estate Holdings, LLC*, 21-0623 pp. 5-6 (La. App. 4 Cir. 4/13/22), 338 So.3d 50, 53). "As noted by this Court in *Heirs of John Beckwith LLC v. Sims*, 20-0476, p. 16 (La. App. 4 Cir. 3/20/21) 315 So.3d 306, 320, '[t]he summary judgment procedure can be an appropriate manner by which disputes in property ownership are resolved.'" *Cooper*, 22-0196, pp. 4-5, 2022 WL 10320651 at *3.

DISCUSSION

Ms. Palazzo's sole assignment of error is that the district erred in granting Mr. Johnson's motion for summary judgment, declaring him to be the owner of 100% of the Property based on a tax sale certificate that purports to convey tax sale title to 1% of the Property. We agree.

"Article VII § 25 of the Louisiana Constitution establishes the basis upon which property holders who are in arrears for payment of *ad valorem* taxes may be divested of their ownership rights in immovable property." *Cooper*, 22-0196, at p. 5, 2022 WL 10320651 at *3. In 2009, the Louisiana Legislature enacted La. R.S. 47:2121 *et seq*. This set of statutes acts in concert with La. Const. art. VII § 25 to delineate the mechanics of the tax sale procedure under Louisiana law. It is through this set of laws that we evaluate the matter presently before us.

Pertinent to our review in this matter, La. Const. Art. VII § 25(A)(1) provides, in relevant part, instructions for the bid process:

> On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs.

La. R.S. 47:2153(B)(5) echoes this language, but offers even greater detail:

> On the day of sale, the tax collector shall sell the portion of the property which the debtor points out. If the debtor does not point out any property or sufficient property, the tax collector shall sell immediately the least quantity of the property, determined by undivided interests, which any bidder will buy for the amount of taxes, interest, penalties and costs. Except as provided in R.S. 47:2196(D), the purchase price or bid price is the amount of taxes, interest, penalties and costs, and the bidding is by undivided interests with the initial bid being one hundred percent and thereafter declining

4

from the initial bid. . . . The tax sale shall convey, and the purchaser shall take, tax sale title in the undivided interest bid in the entirety of the property . . . .

Admittedly, this bidding process is somewhat counterintuitive to a traditional auction insofar as the price remains the same (*i.e.* taxes, interest, penalties and costs) while the amount of property being bid on decreases incrementally until the lowest bid wins; however, we find these directives to be quite clear. The bidder who is willing to take the least amount of property for the purchase price will obtain tax sale title. The tax sale title confers an undivided interest commensurate with the percentage of the property bid for. A tax sale certificate will be issued by the tax collector and is used as prima facie evidence that the sale is valid.[1] In this instance, Mr. Johnson placed a bid for and obtained a 1% undivided interest in the Property, which is reflected in the tax sale certificate.

This Court has previously addressed the exact issue under dispute in the instant matter. In *Montana v. Jordan*, 13-1410 (La. App. 4 Cir. 2/26/14), 135 So.3d 1212, the defendant, Ms. Jordan, purchased at tax sale a 1% interest in a tax-delinquent property located in Orleans Parish. After a contradictory hearing, the district court confirmed Ms. Jordan's title to 100% of the property. On appeal, this Court declared that "[t]his judgment certainly shows that a legal error occurred when the trial court granted full ownership over the entirety of the property rather than simply the one percent undivided interest that Ms. Jordan had acquired at tax sale." *Id.* at p. 16, 135 So.3d at 1220. By way of explication, we found that:

---

[1] La. Const. Art. VII § 25(A) provides that "[a] tax deed by a tax collector shall be prima facie evidence that a valid sale was made." La. R.S. 47:2122 sets forth that "'[t]ax sale certificate' means the written notice evidencing a tax sale to be filed in accordance with R.S. 47:2155 and 2196." La R.S. 47:2155 and 2196 both include a clarifying provision that explains "[t]he tax sale certificate contemplated by this Section is a tax deed for purposes of Louisiana Constitution Article VII, Section 25."

[A] judgment confirming title to property sold at tax sale may not convey a greater ownership interest in a property than that reflected in the relevant [t]ax [s]ale [certificate]. *See* La. R.S. 47:2266; 47:2121 (C)(1); 47:2153(B)(5) (setting forth the bidding process at tax sale); 47:2154(C) (setting forth the method of calculating the price at tax sale). Importantly, and contrary to Ms. Jordan's argument, La. R.S. 47:2266(A)(2) does not grant full ownership over the entirety of the property after the tax sale purchaser confirms her tax sale title in a lesser interest in the property. "Full ownership," as granted pursuant to confirmation proceedings, changes the nature of the rights held by the tax sale purchaser, not the percentage interest held in indivision. *See* La. R.S. 47:2122(22); 47:2266.

*Id*. at p.7, 135 So.3d at1220. *See also Community Associates, Inc. v. Taylor*, 19-0242, p. 10 (La. App. 4 Cir. 7/31/19), ___ So.3d ____, ____, 2019 WL 3470941 at *5, *writ denied*, 19-01483 (La. 11/19/19), 282 So.3d 1069 (where this Court reiterated the holding in *Montana* by finding that "'a judgment confirming title to property sold at tax sale may not convey a greater ownership interest in a property than that reflected in the relevant [t]ax [s]ale [certificate].'").[2]

Accordingly, we find that the district court erred when it awarded Mr. Johnson full ownership of the Property rather than just the 1% interest he purchased at tax sale as reflected in the tax sale certificate. This assignment of error has merit.

**CONCLUSION**

For the foregoing reasons, we affirm that portion of the district court's judgment which confirmed the tax sale of the Property, vacate that portion of the

---

[2] Compare: *Patton v. Unopened Succession of Dearie*, 17-0151 (La. App. 4 Cir. 10/11/17), 317 So.3d 11 (wherein this Court affirmed the district court's judgment granting a 67% interest in a tax-sale property as was reflected in the tax sale certificate, and where the district court denied a motion which claimed that under Louisiana law, there was no allowance for less than 100% acquisition of a property); *see also Cooper*, 22-0196, ___, So.3d ____, ____, 2022 WL 10320651 (where this Court found that the district court properly awarded the plaintiffs a 99% interest in a tax sale property in accordance with the tax sale certificate).

judgment which declares Mr. Johnson to be the full, right and just owner of the Property and remand the matter for the district court to issue a judgment which properly reflects Mr. Johnson's ownership interest as conveyed in the tax sale certificate.

**AFFIRMED IN PART;**
**VACATED IN PART;**
**AND REMANDED**